**MOTION UNDER 28 U.S.C., SECTION 2255, TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| Name of Movant DIRON DAVE DACOSTA | Prisoner No 04600-265    Docket No 98-6031-CR-ZLOCH |

(Include name upon which convicted)

UNITED STATES OF AMERICA    v.    DIRON DAVE DACOSTA

(Full name of movant)

## 00-6110
## CIV-ZLOCH

### MOTION

1   Name and location of court which entered the judgment of conviction under attack UNITED STATES DISTRICT

COURT; SOUTHERN DISTRICT OF FLORIDA     MAGISTRATE JUDGE
          SORRENTINO

2   Date of judgment of conviction: _____

3.   Length of sentence: _____

4   Nature of offense involved (all counts) KNOWINGLY ATTEMPTING TO RE-ENTER THE UNITED STATES

IN VIOLATION OF 8 U.S.C. §§1326(a) AND (b)(2).

_____

_____

5.   What was your plea? (Check one)
    (a)   Not guilty      [   ]
    (b)   Guilty         [XX]
    (c)   Nolo contendere [   ]

    if you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

_____

_____

_____

6   Kind of trial (Check one)
    (a)   Jury        [   ]
    (b)   Judge only   [XX]

7   Did you testify at the trial?
    Yes [   ]   No [XX]

8   Did you appeal from the judgment of conviction?
    Yes [XX]   No [   ]

1



9.  If you did appeal, answer the following: _____

    (a)  Name of court:  <u>UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT</u>

    (b)  Result:  <u>CASE PENDING</u>

    (c)  Date of result: _____

10  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes    [  ]    No    [XX]

11  If your answer to 10 was "yes", give the following information:

    (a)  (1)  Name of court: _____

         (2)  Nature of proceeding _____

              _____

         (3)  Grounds raised: _____

              _____

              _____

              _____

              _____

         (4)  Did you receive an evidentiary hearing on your petition, application of motion?
              Yes    [  ]    No  [  ]

         (5)  Result: _____ N/A _____

         (6)  Date of result: _____

    (b)  As to any second petition, application or motion, give the same information.

         (1)  Name of court: _____

         (2)  Nature of proceeding: _____

              _____

         (3)  Grounds raised: _____

              _____

              _____

2

(4) Did you receive an evidentiary hearing on your petition, application of motion?
Yes    [  ]  No  [  ]

(5) Result: _____ N/A _____

(6) Date of result: _____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court: _____

(2) Nature of proceeding: _____

_____

(3) Grounds raised: _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application of motion?
Yes    [  ]  No  [  ]

(5) Result _____

(6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes    [  ]    No      [  ]
(2) Second petition, etc.    Yes    [  ]    No      [  ]
(3) Third petition, etc.     Yes    [  ]    No      [  ]
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.
For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any ground which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
DO NOT CHECK ANY OF THESE LISTED GROUNDS. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

3

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest
(e)  Conviction obtained by a violation of privilege against self-incrimination
(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant
(g)  Conviction obtained by a violation of the protection against double jeopardy.
(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled
(i)  Denial of effective assistance of counsel.
(j)  Denial of right of appeal.

A  Ground one:  Denial of Due Process of Law in violation of the Fifth
Amendment to the Constitution of the United States.

Supporting FACTS (tell your story *briefly* without citing cases or law):  Please refer to the
Memorandum of Law attached herto and incorporated by reference
herewith for detailed explanation of Ground One.

B.  Ground two  ( i )  Denial of Effective Assistance of Counsel in violation of
the Constitution of the United States.

Supporting FACTS (tell your story *briefly* without citing cases or law): Please refer to the
Memorandum of Law attached hereto and incorporated by reference
herewith for detailed explanation of Ground Two.

C  Ground three: _____

Supporting FACTS (tell your story *briefly* without citing cases or law) _____

4

D. Ground four _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____
_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____
_____
_____
_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes   [ ]     No     [ ]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attached herein:

    (a) At the preliminary hearing     Frederick S. Robbins; 2250 SW 3rd Avenue, 4th
        Floor; Miami, Florida  33129-2095

    (b) At arraignment and plea    Same as "A"

    (c) At trial     Same as "A"

    (d) At sentencing    Same as "A"

(c) On appeal: Kathleen M. Williams; Federal Public Defender; Robin J. Farnsworth; Ass. Federal P.D.; 101 Northeast Third Ave., Suite 202 Ft. Lauderdale, Florida 33301-1100

(f) In any post-conviction proceeding: _____ pro se _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: ___ pro se ___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes    [  ]        No  [XX]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes    [  ]        No  [XX]

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) And give date and length of sentence to be served in the future: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes    [  ]    No [  ]

    Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____ (date).

_____
Signature of Movant
Diron Dave DaCosta
Reg. No:  #04600-265
P.O. Box 9000
Forrest City, AR  72336

6

UNITED STATES DISTRICT COURT

FOR THE SOUTHER DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    *

    Plaintiff,    *

    *

vs.    *    Case No: 98-6031-CR-Zloch

    *

DIRON DAVE DACOSTA,    *

    Petitioner.    *

****************

MORANDUM OF LAW

---

Petitioner respectfully submits that the events which transpired in this case constitute a denial of Petitioner's Due Process rights, as guaranteed by the 5th and 14th Amendments of the Constitution, his rights guaranteed by the 6th Amendment, Equal Protection of the laws, and violation of Rule 32 of the Federal Rules of Criminal Procedures.  In short, the Petitioner submits that his conviction in the instant case be vacated, as he received ineffective assistance of counsel at the plea proceedings.  In the alternative, the Petitioner requests that the sentence in the instant case should be vacated, due to the failure of his counsel to provide him with effective representation, and the fact that sentence was imposed by the Court in reliance

upon inaccurate information concerning the Petitioner's status as a deportable alien.  Further, such failings are not merely procedural but substantially infringed upon Petitioner's constitutional right to due process of law.

2.

## STATEMENT OF THE ISSUES UNDER CONSIDERATION

Petitioner respectfully requests that this Honorable Court adjudicate the following issues of law, to wit:

1.  Whether the Petitioner should be resentenced based upon the ineffective assistance of counsel for counsel's failure to move the Court for downward departure in Petitioner sentences based upon his status as being a deportable alien.

2.  Whether the Petitioner was denied his right to effective assistance of counsel on appeal as a first right, where trial counsel failed to properly preserve the issues raised here for Appellate review.

3.  Whether §2L1.2(b)(2) applies to a defendant's whose aggravated felony conviction does not yield a term of imprisonment of at least 60 months.

4.  Whether the Petitioner received ineffective assistance of counsel at the time of sentencing, where counsel failed to produce evidence of Petitioner's status as being a deportable alien.

5.  Whether the Petitioner should receive an evidentiary hearing on the issues presented.

I.    WHETHER THE PETITIONER SHOULD BE RESENTENCED BASED
      UPON THE INEFFECTIVENESS OF COUNSEL TO MOVE THE COURT
      FOR A DOWNWARD DEPARTURE IN SENTENCE BASED UPON
      PETITIONER'S STATUS AS BEING A DEPORTABLE ALIEN

In the instant case, Petitioner contends that counsel was
ineffective at the time of sentencing where he failed to argue
that Petitioner's ineligibility for minimum security confinement,
drug program, and pre-release custody as a result of his status
as a deportable alien constituted significant mitigating factors
that should have been considered by the sentencing court.

Petitioner asserts that the disparate sentences that result
between alien and American inmates as a consequence of immigration
detainers lodged automatically in an alien's Bureau of Prisons
(BOP) file constitute a violation of equal protection under the
law. (Const. Amend. 14).

Pursuant to United States v. Gaither, 1 F.3d 1040 (10th Cir.
1993), trial courts may properly depart downward from sentencing
guidelines if Sentencing Commission did not account for mitigating
factors in United States v. Smith, 27 F.3d 649 (D.C. 1994)(the
defendant's ineligibility for pre-release custody and minimum
security confinement as a result of his status as a deportable
alien constituted a mitigation factor to be considered by the
trial court). See, also United States v. White, 71 F.3d 920, 922
(1995)(trial court granted defendant six month downward departure
in accordance with Smith because defendant was an alien and

4.

accepted deportation, giving up his right to appeal) and <u>United States v. Agu.</u>, 763 F.Supp. 703 (1991)(Trial court departed downward to account for mitigating circumstances stemming from consequences of alien defendant's accepting deportation).

The United States Sentencing Commission did not consider that the impact of a defendant's status as a deportable alien would beget him harsher treatment by the Bureau of Prisons. <u>United States v. Anderson</u>, 82 F.3d 436, 439 (D.C. Cir. 1996). In citing <u>United States v. Smith</u>, 27 F.3d 649 (D.C. Cir. 1994), the <u>Anderson</u> court said:

> "In that case, holding that a downward departure was permissible where defendant would serve his sentence under harsher conditions solely because he was a deportable alien, neither the majority nor the dissent could find any suggestion that the Commission had considered that circumstances at all in establishing the guidelines.

<u>Anderson</u>, 82 F.3d at 438.

In <u>Smith</u>, the court carefully analyzed the Bureau of Prisons approach to determining whether a deportable alien may be eligible for community confinement' (halfway house) for the last ten percent of his sentence and whether he might be designated to a minimum security facility before the last ten percent of his sentence. <u>Smith</u>, 27 F.3d at 654. The court concluded that a downward departure may be appropriate if the defendant's status as a deportable alien is likely to cause him to be precluded from these benefits. <u>Id.</u> at 655.

Although the Eleventh Circuit has taken a contradictory approach to this issue in United States v. Veloza, 83 F.3d 380, 382 (11th Cir. 1996), the conflict among circuits creates the need to consider this matter further.  The Veloza court relies on United States v. Restrepo, 999 F.2d 640, 644 (2nd Cir. 1993). Also, see United States v. Ebolum, 72 F.3d 35 (6th Cir. 1995); and United States v. Mendoza-Lopez, 7 F.3d 1483 (10th Cir. 1993):

As the Smith court noted,

"Restrepo was followed without explanation in United States v. Mendoza-Lopez, 7 F.3d 1483, 1487 (10th Cir. 1993), and in United States v. Nnanna, 7 F.3d 420 (5th Cir. 1993).  United States v. Alvarez-Cardenas, 920 F.2d 734 (9th Cir. 1990), rejected a defendant's unexplained claim that his status as a deportable alien was grounds for a downward departure.  In that context, the court indeed observed that the mere fact of deportability did not render his crime serious or speak to his character. Id. at 737.  Thus, Lara [905 F.2d 599 (2nd Cir. 1990)][1], and its sequelae appeared to be the only cases expressly addressing the issue of departures for circumstances that accidently lead to an increase in the objective severity of defendant's conditions of incarceration.(Cf. Dissent at 668).

Smith, 27 F.3d at 655, n.6.  In other words, the Ninth and Tenth Circuits have held that the fact that someone is deportable is not, in and of itself, a basis for downward departure.  However, they have neither explained why nor delved into the facts of the case.  Only the Second Circuit has, in Lara.

Ultimately relying on U.S.S.G., Ch. 1, Pt. A, §4(b) and 18 U.S.C. §3553(b), the Smith court soundly rejected the reasoning

---

N. 1  In Lara, the court found departure permissible because of defendant's potential for victimization due to his diminutive size, immature appearance and bi-sexual orientation. Id. at 601.

6.

of <u>Restrepo</u> and by inference, <u>Veloza</u>.  In 18 U.S.C. §3553(b),

Congress directed that:

> "The court shall impose a sentence of the kind, and within
> the range referred to in subsection(a)(4) unless the court
> finds that there exists an aggravating or mitigating
> circumstance of a kind, or to a degree, not adequately taken
> into consideration by the Sentencing Commission in formulating
> the guidelines ..."

See <u>Smith</u>, 27 F.3d at 651.  Ch. 1, Pt. A, §4(b) of the guidelines

provides that such departures will be highly infrequent.  Also,

see <u>Smith</u>, 27 F.3d at 655.

The Bureau of Prisons policy on the matter allows assignment

to a minimum security prison or community correction center for

deportable aliens who have a history of strong family or community

ties, of domicile in the U.S. of five years or more, and stable

employment.  Program Statement 5100.04:  Security Designation

and Custody Classification Manual, Ch. 2-9.<u>Id.</u> at 655.  The

Bureau of Prisons applies the same criteria to its determination

as to whether an alien is eligible for minimum security facility.

<u>Id.</u> at 654.

The Ninth Circuit has held that the fact of deportability,

without more, is insufficient to warrant a downward departure

under U.S.S.G. §5K2.0.  <u>United States v. Cubillos</u>, 91 F.3d 1342

(9th Cir. 1996).  It further held that "[t]he district courts

must make a refined assessment of the many facts bearing on the

outcome." <u>Id.</u> @ 1345.  Defendant takes the position that the

circumstances described in the next section warranted that
counsel argue for, and the Court consider at sentencing, the
effects of his mandatory INS detainer on Defendant's incarceration.

Claims of ineffective assistance of counsel must state that
counsel's errors or omissions constituted a failure to exercise
the skill and judgment of a reasonably competent attorney, and
that counsel's deficient performance prejudiced Defendant.
Strickland v. Washington, 466 U.S. 668, 686 (1984).

Further, as stated above, the PSI makes it clear that
Petitioner is subject to deportation. Counsel received the PSI,
at least, 10 days prior to the day of sentencing. Counsel was
fully aware that the Petitioner could be deported as a result of
his conviction. Despite these flags, counsel inexplicably fails
to raise deportability as a mitigating factor at sentencing or to
advise Petitioner of this form of relief.

This is even more perplexing in light of the Attorney
General's Sentencing Memorandum to all U.S. Attorneys dated April
28, 1995, authorizing prosecutors to agree to recommend a one or
two level downward departure from the applicable guideline
sentencing range in return for an alien's concession of
deportability and agreement to accept a final order of deportability.
Although the U.S. Attorney's Office for this district has chosen
not to exercise such discretion, through this memorandum
the Attorney General concedes that "such downward departure is

8.

justified on the basis that it is conduct not contemplated by the guidelines. See U.S.S.G. §5K2.0." App. A, at page 2. Counsel failed to raise this matter with the U.S. Attorney's Office during plea negotiations, thus inexplicably and gratuitously forfeiting this bargaining chip to Petitioner's detriment.

This would not be so bad were it not for Petitioner's further ineligibility for BOP early release programs. Petitioner is now rendered ineligible to participate in the Drug Rehabilitation Program as well. Title 18 U.S.C. §3621. Successful candidates typically obtain up to 1 year reduction in sentence upon completion of the course.

Petitioner's disqualification for community supervised "aftercare" as a result of his immigration detainer renders him ineligible for this program. Title 18 U.S.C. §3621(e).

Petitioner is further barred from qualifying for early release pursuant to 18 U.S.C. §3624(c), a program which enables the prisoner to be phased into the community up to six months prior to his release date.

As an example of how these benefits create sentencing disparities, Petitioner illustrates the following case: an American sentenced to 60 months for a drug offense is eligible for a maximum reduction in his sentence of 1 year drug program and 6 months halfway house. Without considering Good Conduct

9.

Time credits, which is common to all inmates, the American is out on the streets a year and a half earlier than his alien counterpart. This disparate treatment is undeserved, and constitutes a violation of equal protection of the laws. Const. Amend. 14.

10.

II.  **WHETHER THE PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL AS A FIRST RIGHT, WHERE TRIAL COUNSEL FAILED TO PROPERLY PRESERVE THE ISSUE RAISED HERE FOR APPELLATE REVIEW**

The Petitioner next contends that his trial counsel (Frederick Robbins), was ineffective at the time of sentencing, where counsel failed to properly raise the issues presented in the Petitioner's supplemental Brief for the first time on appeal which would have resulted in the Petitioner receiving a shorter sentence than that imposed by the District Court at the time of sentencing.

In Evitts v. Lucey, the United States Supreme Court concluded that the Due Process Clause of the Fourteenth Amendment guarantees criminal defendant's the effective assistance of counsel on first appeal as of right.  469 U.S. 387 (1985).  The Court determined that the mere nominal representation on appeal as of right does no suffice to render the proceedings constitutionally adequate. Id.  The Eleventh Circuit has applied the test announced in Strickland v. Washington, supra, for ineffective assistance at trial to guide its analysis for ineffective assistance of appellate counsel claims.  Orazio v. Duggar, 876 F.2d 1508 (11th Cir. 1989).

To see whether counsel has fallen below the minimum standard needed for effective assistance of counsel under the Sixth Amendment to the Constitution, a two prong test must be met.

11.

In the case of <u>Strickland v. Washington</u>, the Supreme Court
decided that a determination of ineffective assistance of counsel
would be conditioned on two factors, both of which must be met:

> 1.   The counsel's performance must have fallen
>      below an objective standard of reasonableness;
>      (p. 688)
>
> 2.   There is a reasonable probability that, but
>      for the counsel's errors, the results of the
>      proceedings would probably have been different.
>      (p. 694).

(466 U.S. 688 (1984).

In the present case, the Petitioner can prove both prongs of
this test.

First, the Petitioner can prove that failure to raise
viable issues on appeal amounts to conduct which falls below
an objective standard of reasonableness. "In preparing and
evaluating the case, and in advising the client as to the
prospects for success, counsel must consistently serve the
client's interests to the best of his or her ability." <u>McCoy v.
Court of Appeals of Wisconsin, Dist. 1</u>, 108 S.Ct. 1895, 1902
(1988). In performing this duty, counsel has the duty to search
for the stronger arguments possible, and "must be zealous and
must resolve all doubts and ambiguous legal questions in favor
of his or her client." <u>Id.</u> at 1905. The Supreme Court recognizes
that counsel is permitted to winnow out weaker arguments from an
appellate brief. See, <u>Smith v. Murray</u>, 477 U.S. 527 (1986).

12.

However, the <u>Strickland</u> court determined that appellate counsel can not simply invoke the word "strategy" to explain errors of assistance. <u>Strickland</u> at 691. Therefore, appellate counsel's winnowing of issues to argue on direct appeal should be judged for reasonableness under the circumstances. <u>Id.</u>

In the present case, as is outlined in arguments I and II, the Petitioner clearly had viable issues on appeal with regard to Petitioner's status as a deportable alien, and as to whether the District Court correctly enhanced his sentence by 16-levels based upon Petitioner's prior state court conviction being "aggravated" for the purposes of enhancement under 2L1.1(b)(1)(A).

Further, the Petitioner can prove that he was prejudiced by counsel's error. Had counsel properly raised these issues, then the case would have been remanded for resentencing, as the Court of Appeals did in <u>United States v. Ismond</u>, 993 F.2d 1498 (11th Cir. 1993). Therefore, prejudice can be shown.

In sum, the Petitioner contends that counsel was ineffective for failing to raise an issue which clearly had merit on direct appeal. For this reason, the Court should vacate and remand his case back to the District Court and allow the Petitioner to be resentenced so that he may properly raise these issues in the Court of Appeals.

13.

III.    WHETHER SECTION 2L1.2(b)(2) APPLIES TO A DEFENDANT
        WHOSE AGGRAVATED FELONY CONVICTION DOES NOT YIELD
        A TERM OF IMPRISONMENT OF AT LEAST 60 MONTHS

The Petitioner next argues that his counsel should have challenged the application of §2L1.2(b)(2) of the federal Sentencing Guidelines, based upon the previous arrest (dated June 21, 1993). That section states in pertinent part:

> §2L1.2    Unlawful Entering or Remaining in the United States.
>
> (a) Base Offense Level:  8
>
> (b) Specific Offense Characteristics
>
>     If more than one applies, use the greater:
>
> (1) If the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels.
>
> (2) If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels.

In pertinent part, application note 7 reads:

> "Aggravated felony" as used in subsection (b)(2), means murder; any illicit trafficking in any controlled substance (as defined in 21 U.S.C. §802); including any drug trafficking crime as defined in 18 U.S.C. §924(c)(2); any illicit trafficking in firearms or destructive devices as defined in 18 U.S.C. §1956 (relating to laundering of monetary instruments); any crime of violence (as defined in 18 U.S.C. §16, not including a purely political offense) *for which the term of imprisonment imposed (regardless of any suspension of imprisonment) is at least five years*; or any attempt or conspiracy to commit any such act (emphasis added).

14.

The above-quoted language list five types of substantive
crimes that qualify as aggravated felonies:  murder, drug
trafficking, firearms trafficking, money laundering, and violent
crimes.  Of these five types of crimes, only the clause for
violent crimes contains the 60-month threshold necessary to
qualify the crime as an aggravated felony.

In the present case, the Petitioner would argue that the
essential issue in this case concerns the effective date of an
"aggravated felony" as it applies to a charge under 8 U.S.C.
§1326(b)(2).  Prior to his deportation and a review of the
Pre-sentence Investigation Report, the Petitioner was convicted
on June 6, 1988, by the Police Department in New York City, NY
for Criminal Sale of a controlled subtance/narcotic drug.
According to the Pre-sentence Investigation Report, the Petitioner,
with two others, sold one vial of crack cocaine worth $10 to an
undercover police officer.  When interviewed by the Queens County
Probation Department, the Petitioner denied participation in the
offense, stating that he only pled guilty to the charge to "get
it over with."  On March 21, 1989, the Petitioner was placed on
parole.  On June 21, 1993, Petitioner was convicted on another
charge in New York City, NY and sentenced June 21, 1993, to one-
year custody, and on June 1, 1994, he was deported.

Following his deportation, Petitioner reentered the United

15.

States illegally on January 23, 1998.  The Petitioner arrived in the United States at Port Everglades, Florida aboard the cruise ship  M/V Discovery Sun from Freeport, Grand Bahama.  The Petitioner avoided inspection by the United States Immigration and Naturaliza-tion Service (INS) inspectors and attempted entry by posing as a United States citizen named John Kerrigan, DOB 7/19/68.  When the Petitioner was questioned by the Customs inspector, he fled the inspection area into the parking lot of the ship terminal, where he was apprehended.

On January 27, 1998, the Petitioner was arrested and turned over to INS.

In the present case, Petitioner's base offense level, under the guidelines for an Title 8, U.S.C., §1326(a), (b)(2) offense is found in §2L1.2(a) of the Guidelines Manual as stated above. Under Specific Offense Characteristics, it was determined that Petitioner was previously deported after conviction for an aggravated felony (see arrest dated 11/24/87). Id. at 7.

> The defendant, with two others, sold one vial of crack of cocaine worth $10 to an undercover police officer.  When interviewed by the Queens County Probation Department, the defendant denied participation in the offense, stating that he only pled guilty to the charge to "get it over with." On March 21, 1989, the defendant was placed on parole.  A pre-sentence investigation report completed on June 1993, indicated that the defendant absconded from parole super-vision in 1989.  The defendant's parole records have been requested and will be submitted upon receipt.

Section 1326(b)(2) was first added to the illegal reentry statute in 1988, when Congress enacted the Anti-Drug Abuse Act

16.

of 1988, Pub.L.No. 100-690, §7342, 102 Stat. 4181, 4469-70
(1988).  United States v. Andrino-Carillo, 63 F.3d 922, 925 (9th
Cir. 1995).  Section 1326(b)(2) provides in relevant part, that
an alien, "whose deportation was subsequent to a conviction for
commission of an aggravated felony...shall be fined under such
Title, imprisoned not more than 20 years, or both."  Title 8,
U.S.C. §1326(b)(2).

The term "aggravated felony" for the purposes of this statute
was initially defined by Congress at 8 U.S.C. §1101(a)(43) in
1988.  At that time, §1101(a)(43) provided:

> "The term "aggravated felony" means murder, any drug
> trafficking crime as defined in Section 924(c)(2) of
> Title 18, United States Code, or any illicit trafficking
> in any firearms or destructive devices as defined in Section
> 921 of such title, or any attempt or conspiracy to commit
> any such act, committed within the United States.

Pub.L.No. 100-690, §7342, 102 Stat. at 4469-4470.  The statute
did not contain an effective date provision.

In 1990, as part of the Immigration Act of 1990, Congress
amended Title 8, U.S.C. §1101(a)(43), by expanding the definition
of "aggravated felony" so that it included any crime of violence
for which the term of imprisonment was at least 5 years.  Pub.L.
No. 101-649, §501, 104 Stat. at 5048.  The amendment also has an
effective date provision. Id.  Section 501 is quoted in full in
the margin.

The portion of §501, with which we are concerned, is §501(a)

17.

(3), which provides in pertinent part that the definition of an aggravated felony includes "any crime of violence (as defined in §16 of Title 18, U.S.C., not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years."

The effective date provision at issue is set forth in §501(b), which states:

> (b) <u>Effective Date</u>. -- The amendments made by subsection (a) shall apply to offenses committed on or after the date of the enactment of this Act, except that the amendments made by ¶ (2) and (5) of subsection (a) shall be effective as if included in the enactment of §7342 of the Anti-Drug Abuse Act of 1988.

More importantly, under Title 8, U.S.C. §1101(a)(43)(F), however, only a "crime of violence" committed on or after November 29, 1990, is an "aggravated felony" because of the effective date provision that applies to that code section. Pub.L.No. 101-649, §501(b), 104 Stat. at 5048 (stating that only a "crime of violence" committed **"on or after** [November 19, 1990]" would qualify as an "aggravated felony" under 8 U.S.C. §1101(a)(43)(F)); <u>see</u>, also, <u>United States v. Gomez-Rodriquez</u>, 96 F.3d 1262, 1264-65 (9th Cir. 1996)(en banc)(affirming district court's decision that "crime of violence" under 8 U.S.C. §1101(a)(43) could qualify as an "aggravated felony" only if committed after November 29, 1990).

By directing a sentencing court to look to 8 U.S.C. §1101(a)

18.

(43), Application Note 7 arguably indicates that there is a time restriction on the "crime of violence" definition so that only a "crime of violence" committed on or after November 29, 1990, qualifies as an "aggravated felony" under U.S.S.G. 2L1.2(b)(2).

In the present case, Petitioner argues that the November 24, 1987, arrest in the state of New York City, NY, for the offense of Criminal Sale of a controlled substance/narcotic drug under the premises, as argued here, does not meet the criteria, as specified under the "**on or after** [November 19, 1990]" requirement to qualify the June 6, 1988, conviction as an "aggravated felony" under 8 U.S.C., §1101(a)(43)(F).

Therefore, and because Petitioner's sentence on the instant matter did not exceed 60 months of imprisonment, this conviction should not have been used to enhance the Petitioner's sentence on the instant offense by 16-levels.

In the present case, Petitioner argues to this Honorable Court that his sentence, based upon the 16-level enhancement, is in violation of his rights to Due Process of the law, and the indictment on this charge should be dismissed and he be resentenced, absent the 16-level enhancement. In the alternative, Petitioner respectfully requests that this Court vacate his sentence and remand his case back to the District court for an evidentiary hearing on the matter.

19.

IV. **WHETHER THE PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TIME OF SENTENCING, WHERE COUNSEL FAILED TO PRODUCE EVIDENCE OF PETITIONER'S STATUS AS BEING A DEPORTABLE ALIEN**

In the present case, Petitioner further contends that counsel was ineffective at the time of sentencing, where counsel failed to produce evidence of Petitioner's status as being a deportable alien in support of a downward departure in his sentence.

This Circuit has found that the burden of proof, as sentencing, lies with the person seeking adjustment to the base offense level, and this is actually both a burden of production and persuasion. United States v. Patrick, 983 F.2d 206, 208 (11th Cir. 1993). Therefore, in order to gain a reduction in a base offense level or criminal history score, it is up to the defendant to put forth sufficient information to enable the court find for a reduction. This comports with the holding by this Circuit, in the case of United States v. Restrepo, 832 F.2d 146 (11th Cir. 1987), in which the Court found "we conclude that the government must advance some satisfactory grounds to support a contested PSI statement, some information such as to be persuasive of the validity of the PSI charge." Id.

In the case of United States v. Kingston, 922 F.2d 1234 (6th Cir. 1990), the sentencing court had given the defendant a two point reduction under §3B1.2 of the guidelines based solely

20.

upon the PSI recommendation.  The Government complained on appeal

that the burden of proof for mitigating factors at sentencing was

on the defendant, and therefore, the defendant was required to put

forth information in support of the reduction, beyond that

contained in the PSI.  The Sixth Circuit agreed and reversed the

sentence in order for the defendant to pur forth such information.

Id. at 1240.

In the present case, had counsel properly argued that

Petitioner's prior state court conviction could not have been

used for the purposes of a 16-level enhancement, the Petitioner

would have received a lower sentence under the Guidelines.  In

addition, ample case law was available for counsel's use that

would have supported counsel position that, unless, Petitioner

served at least 60 months of incarceration on the aggravated

sentence of conviction, or received a term of 60 months on the

sentence of ocnviction imposed, then, the District Court was

without the proper authority to impose a 16-level enhancement

under the Guidelines on the current sentence that the Petitioner

is now serving for attempting to enter the United States without

the consent of the Attorney General, after having been deported,

in violation of Title 8, U.S.C., §1326(a) and (b)(2).  See, United

States v. Gomez-Rodriguez, 96 F.3d 1262, 1264-65 (9th Cir. 1996)

(en banc)(affirming district Court's decision that "crime of

voilence" under Title 8, U.S.C., §1101(a)(43) could qualify as an

21.

"aggravated felony" only if committed after November 29, 1990).

By direct a sentencing court to look to Title 8, U.S.C., §1101(a)(43), Application Note 7 arguably indicates that there is a time restriction on the "crime of violence" definition so that only a "crime of violence" committed on or after November 29, 1990, qualifies as an "aggravated felony" under U.S.S.G. 2L1.2(b)(2).

Therefore, and because Petitioner's prior state court conviction on June 21, 1993, did not result in Petitioner serving a sentence in lieu of 60 months, Petitioner's present sentence should not have been enhanced with the use of this prior conviction because Petitioner did not receive a sentence of 60 months, nor did Petitioner serve a sentence of 60 months as is required under the expressed term of the statute.

The fact that Petitioner's trial counsel attempted to meet this burden does not relieve counsel of his duties.  In the case of West v. United States, 994 F.2d 510 (8th Cir. 1993), the defendant had tried to make objections to the PSI himself when counsel refused to do so.  The court, in that case, found that even though the defendant made objections, it did not relieve counsel of the responsibility to effectively advocate on the defendant's behalf, and remanded the case for an evidentiary hearing on the ineffective assistance issue. Id. at 513.

In sum, counsel was ineffective for failing to present

22.

evidence, and relevant case law to support the Petitioner's position that the District Court could have downwardly departed in the Petitioner's sentence based upon his being a deportable alien under the circumstances as argued before this Court.

23.

**V.    THE PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING
       BASED UPON THESE ISSUES**

The Petitioner finally contends that, based upon the issues
presented in this petition, an evidentiary hearing must be held.

An evidentiary hearing is required in every §2255 Motion so
long as the motion alleges facts "which, if true, would warrant
habeas relief." <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir.
1991).  Courts have found that this language indicates that the
Petitioner need only have shown an "independent indicia of the
likely merit of his contentions." <u>Harmason v. Smith</u>, 888 F.2d
1527, 1529 (5th Cir. 1988) "Section 2255 provides that a
petitioner is entitled to an evidentiary hearing on his motion
unless the motion and the files and records of the case
conclusively show that the prisoner is entitled to no relief.
Rule 4(b) of the Rules Governing §2255 proceedings in the United
States District Courts provides that a hearing need not be held
if it plainly appears from the face of the motion and any
annexed exhibits and the prior proceedings in the case that the
movant is not entitled to relief.  Thus, a petition can be
dismissed without a hearing if the petitioner's allegations,
accepted as true, would not entitle the petitioner to relief,
or if the allegations cannot be accepted as true because they
are contradicted by the record, inherently incredible, or
conclusions rather than statements of fact." <u>Dziurgot v.</u>

24.

Luthor, 897 F.2d 1222, 1225 (1st Cir. 1990).

In the case of United States v. Burrows, 872 F.2d 915 (9th Cir. 1989), the Ninth Circuit found "an evidentiary hearing is usually required if the motion states a claim based on matters outside the record or events outside the courtroom." Id. at 917. The court then remanded for an evidentiary hearing based upon the petitioner's ineffective assistance of counsel claim. On a claim of ineffective assistance of counsel, an evidentiary hearing should be held if, on the record, more than one inference can be raised as for the reasons of counsel's actions. Porter v. Wainwright, 805 F.2d 930, 935 (11th Cir. 1986).

Finally, and most importantly, for purposes of deciding whether or not to hold an evidentiary hearing, the court must take the facts as presented in the motion as true. Smelcher v. Attorney General of Alabama, 947 F.2d 1472, 1478 (11th Cir. 1991); Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992).

In the present case, the Petitioner has alleged in his §2255 Motion facts which, taken as true, would allow him relief. Specifically, the Petitioner has alleged that counsel gave him gross misadvice which resulted in an involuntary plea in his case. Further, the Petitioner has alleged that counsel was ineffective at sentencing by failing to advocate certain issues, and that there were issues which could have been raised which would have made a difference in his sentence. Further, the

25.

reasons for counsel's failure in this area are not contained within the record.  Therefore, the Petitioner is clearly entitled to an evidentiary hearing on this motion.

26.

## CONCLUSION

In conclusion, the Petitioner assets that he has provided the proof necessary for an evidentiary hearing on these matters. The Petitioner need only show an indicia of reliability for the Court to grant an evidentiary hearing.  The Petitioner requests that this Court issue an Order vacating his Sentence in the instant case, based upon the ineffective assistance of counsel that Petitioner received at the time of sentencing, and remand his case back to the District court for resentencing.

Resepctfully submitted,

Diron Dacosta ,
Diron Dave Dacosta
Reg. No: #04600-265

27.

CERTIFICATE OF SERVICE

This certify that on ___1-19-2000___,2000, I sent true
                    ~~8-17-2000~~

and correct copies of foregoing motion via the Institutional Legal

Mail system, with postage prepaid, addressed to the following:

Clerk, U.S. District Court
Southern District of Florida
U.S. Courthouse
299 East Broward Blvd.
Ft. Lauderdale, Florida 33301

Assistan U.S. Attorney
Carol Degraffenreidt
500 E. Broward Blvd.
7th Floor
Ft. Lauderdale, Fl 33301


                              Respectfully submitted,


                              Diron Dacosta
                              Diron Dave Dacosta.
                              Reg. No. 04600-265
                              FMC FORT WORTH
                              P.O. Box 15330
                              Fort Worth, Texas 76119


                    28