```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 00-6110-CIV-ZLOCH
                                      (98-6031-CR-ZLOCH)
                              MAGISTRATE JUDGE SORRENTINO
```

DIRON DAVE DACOSTA,                :

      Movant,                      :

v.                                 :       REPORT OF
                                           MAGISTRATE JUDGE
UNITED STATES OF AMERICA,          :

      Respondent.                  :



FILED by ___ D.C.
MAG. SEC.

FEB - 7 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

    Diron Dave Dacosta, a federal prisoner currently confined at FMC Fort Worth, in Fort Worth, Texas, has filed a *pro se* motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence imposed pursuant to a guilty plea in Case No. 98-6031-Cr-Zloch.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    No order to show cause was issued in this case because the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. §2255.



For its consideration of this motion, the Court has a memorandum in support of the motion to vacate, and the underlying criminal file.

Dacosta raises four claims, essentially as follow:

1. He should be resentenced because his lawyer was ineffective for failing to move for a departure on the basis of his status as a deportable alien.

2. He received ineffective assistance on appeal because counsel did not raise the issues of this pleading.

3. Section 2L1.2(b)(2) of the Sentencing Guidelines does not apply to him because the aggravated felony conviction for which he was deported did not require a term of imprisonment of at least sixty months.

4. He received ineffective assistance of counsel at sentencing when counsel failed to notify the Court of his status as a deportable alien.

Dacosta was charged by Indictment with attempting to reenter the United States without permission of the Attorney General after being previously deported, 8 U.S.C. §1326(a) and (b)(2). (DE# 1). He entered a guilty plea (DE# 26), pursuant to a written plea agreement (DE# 27). The Court sentenced him to sixty-three months

imprisonment, followed by two years of supervised release. (DE# 34).

Dacosta prosecuted a direct appeal, and challenged his sentence, arguing that the district court erred when it used unreliable information to determine the length of his prior sentences and establish his criminal history category. Dacosta argued that there was no preponderance of evidence to establish the length of the his prior conviction for criminal possession of a weapon. The Eleventh Circuit rejected Dacosta's claims, and affirmed the sentence in a written but unpublished opinion. (DE# 50). This timely motion to vacate ensued.

Dacosta alleges in his first and fourth claims that he received ineffective assistance of counsel when counsel failed to produce evidence of his status as a deportable alien, and failed to move for a downward departure based upon his alienage.

In order to prevail on a claim of ineffective assistance of counsel, the movant must establish that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have

been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Thus, the movant must show that his counsel's performance was below constitutional standards, and that he suffered prejudice as a result. A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. <u>Id</u>. at 697; <u>Waters v. Thomas</u>, 46 F.3d 1506, 1510 (11 Cir. 1995).

The Eleventh Circuit has held that departures based on deportability and its usual attendant consequences are inappropriate. <u>United States v. Veloza</u>, 83 F.3d 380, 382 (11 Cir. 1996), <u>citing</u> <u>United States v. Restrepo</u>, 999 F.2d 640 (2 Cir. 1993); <u>see</u> <u>United States v. Gonzalez-Portillo</u>, 121 F.3d 1122 (7 Cir. 1997) and cases cited at 1125 n.3.

Clearly, the Court was aware that Dacosta was a deportable alien, as he was charged with illegal reentry into the United States after being deported. Thus, counsel's failure to advise the Court of Dacosta's alien status was not ineffective assistance. Moreover, any attempt by counsel to secure a departure based upon Dacosta's deportability would have been unsuccessful. Dacosta is not entitled to relief on his first and fourth claims.

In his second claim, Dacosta asserts that he received ineffective assistance on appeal because counsel did not raise the claims of this §2255 motion. The first and fourth claims are frivolous, as discussed above. The third claim will be discussed below, including the assertion of ineffective assistance on appeal. This second claim standing alone adds nothing of substance to the motion to vacate.

In his third claim, Dacosta asserts that U.S.S.G. §2L1.2(b)(2) did not apply to him because the aggravated felony for which he was deported did not result in a sentence of at least sixty months imprisonment. He did not raise this claim on appeal, but asserts ineffective assistance of appellate counsel as cause for his failure to previously raise the issue.

There are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 movant demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992),

<u>overruled on other grounds by</u> <u>Castellanos v. United States</u>, 26 F.3d 717 (7 Cir. 1994).

Nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. §2255. <u>Graziano v. United States</u>, 83 F.3d 587 (2d Cir. 1996), <u>citing</u> <u>Knight v. United States</u>, 37 F.3d 769 (1st Cir. 1994); <u>Burke v. United States</u>, 152 F.3d 1329, 1331 (11 Cir. 1998) (holding that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice); <u>See</u> <u>also</u> <u>Reed v. Farley</u>, 512 U.S. 339, 348 (1994).

Collateral attack on a final judgment in a criminal case is generally available under §2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice. <u>Graziano</u>, supra. <u>See</u> <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995).

Sentencing Guidelines Section 2L1.2(b)(2) provides as follows:

**Unlawfully Entering or Remaining in the United States**

(a) Base Offense Level: **8**

(b) Specific Offense Characteristic

    (1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):

        (A) If the conviction was for an aggravated felony, increase by **16** levels.

        (B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by **4** levels.

Application note 1 states that for the purpose of Guideline §2L1.2, an aggravated felony is defined at 8 U.S.C. §1101(a)(43) without regard to the date of conviction.

Dacosta argues that his New York conviction on June 6, 1988 for sale of crack cocaine, did not qualify as an aggravated felony because he did not receive a sentence of at least sixty months

imprisonment and because it was committed before the effective date of the Immigration Act of 1990.

As an initial matter, application note one of U.S.S.G. §2L1.2 provides for the consideration of an aggravated felony, regardless of the date. Thus, the fact that the sale of cocaine in New York occurred prior to 1990 is irrelevant.

Dacosta's argument that the aggravated felony for which he was deported did not result in a sentence of at least sixty months imprisonment is without merit. The Eleventh Circuit recently held that in order for a prior offense to fit within the definition of aggravated felony, the offense must be punishable under one of three specified statutes and it must be a felony. United States v. Simon, 168 F.3d 1271 (11 Cir. 1999). Sale of cocaine is punishable under 21 U.S.C. §841(a), and it is a felony in the state of New York. See People v. Lassiter, 240 A.D.2d 293, 658 N.Y.S.2d 317 (N.Y.A.D. 1 Dept. 1997). Thus, the Court properly imposed the §2L1.2(b)(1)(A) enhancement pursuant to the Sentencing Guidelines. Counsel's failure to raise the claim either at trial or on appeal was not ineffective assistance.

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: February 7, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Diron Dave Dacosta, Pro Se
     Reg. No. 04600-265
     FMC Fort Worth
     P.O. Box 15330
     Fort Worth, TX 76119